# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEXANDER JACOME,<br><br>   Petitioner,<br><br>v.<br><br>JAMES S. HILL, Warden, et al.,<br><br>   Respondents. | Case No.: 3:22-cv-00546-GPC-MDD<br><br>**ORDER:**<br><br>**(1) GRANTING MOTION TO PROCEED IN FORMA PAUPERIS [ECF No. 2]; and**<br><br>**(2) NOTIFYING PETITIONER OF POSSIBLE DISMISSAL OF PETITION FOR FAILURE TO EXHAUST STATE COURT REMEDIES** |

Petitioner, a state prisoner proceeding pro se, has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 together with a motion to proceed in forma pauperis. ECF Nos. 1, 2.

**I.   MOTION TO PROCEED IN FORMA PAUPERIS**

In support of his motion to proceed in forma pauperis, Petitioner has submitted a Prison Certificate from the facility in which he is presently confined which reflects a balance of $0.00. Petitioner cannot afford the $5.00 filing fee. Thus, the Court **GRANTS**

Petitioner's application to proceed in forma pauperis. The Clerk of the Court shall file the Petition for Writ of Habeas Corpus without prepayment of the filing fee.

## II.   FAILURE TO ALLEGE EXHAUSTION AS TO ALL CLAIMS

Habeas petitioners who wish to challenge either their state court conviction or the length of their confinement in state prison, must first exhaust state judicial remedies. 28 U.S.C. § 2254(b), (c); *Granberry v. Greer*, 481 U.S. 129, 133–34 (1987). Petitioner has not alleged exhaustion as to ground four of the Petition. *See* ECF No. 1, Pet., at 9. Having preliminarily determined the Petition contains both exhausted and unexhausted claims, the Court notifies Petitioner of the possible dismissal of his petition.

The exhaustion requirement is satisfied by providing the state courts with a "fair opportunity" to rule on Petitioner's constitutional claims. *Anderson v. Harless*, 459 U.S. 4, 6 (1982). In most instances, a claim is exhausted once it is presented to a state's highest court, either on direct appeal or through state collateral proceedings. *See Sandgathe v. Maass*, 314 F.3d 371, 376 (9th Cir. 2002). The constitutional claim raised in the federal proceedings must be the same as that raised in the state proceedings. *See id*.

In order to avoid dismissal of this action, Petitioner must choose from the following options:

## III.   PETITIONER'S OPTIONS

To avoid the Court dismissing the petition on its own accord, Petitioner may choose one of the following options.

### a) First Option: Demonstrate Exhaustion

Petitioner may file further papers with this Court to demonstrate that he has in fact exhausted the claims the Court has determined are likely unexhausted. If Petitioner chooses this option, his papers are due no later than **July 18, 2022**. Respondent may file a reply by **August 18, 2022**.

### b) Second Option: Voluntarily Dismiss the Petition

Petitioner may move to voluntarily dismiss his entire federal petition and return to state court to exhaust his unexhausted claims. Petitioner may then file a new federal petition

containing only exhausted claims. *See Rose v. Lundy*, 455 U.S. 509, 510, 520–21 (stating that a petitioner who files a mixed petition may dismiss his petition to "return[] to state court to exhaust his claims"). If Petitioner chooses this second option, he must file a pleading with this Court no later than **July 18, 2022**.

Petitioner is cautioned that any new federal petition must be filed before expiration of the one-year statute of limitations. Ordinarily, a petitioner has one year from when his conviction became final to file his federal petition, unless he can show that statutory or equitable "tolling" applies. *Duncan v. Walker*, 533 U.S. 167, 176 (2001); 28 U.S.C. § 2244(d). The statute of limitations does not run while a properly filed state habeas corpus petition is pending. 28 U.S.C. § 2244(d)(2); *see Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999). *But see Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (holding that "an application is 'properly filed' when its delivery and acceptance [by the appropriate court officer for placement into the record] are in compliance with the applicable laws and rules governing filings."); *Bonner v. Carey*, 425 F.3d 1145, 1149 (9th Cir. 2005) (holding that a state application for post-conviction relief which is ultimately dismissed as untimely was neither "properly filed" nor "pending" while it was under consideration by the state court, and therefore does not toll the statute of limitations), *as amended* 439 F.3d 993. However, absent some other basis for tolling, the statute of limitations continues to run while a federal habeas petition is pending. *Duncan*, 533 U.S. at 181–82.

### c) Third Option:  Formally Abandon Unexhausted Claims

Petitioner may formally abandon his unexhausted claim and proceed with his exhausted ones. *See Rose*, 455 U.S. at 510, 520-21 (stating that a petitioner who files a mixed petition may "resubmit[] the habeas petition to present only exhausted claims"). If Petitioner chooses this third option, he must file a pleading with this Court no later than **July 18, 2022**. Petitioner is cautioned that once he abandons his unexhausted claim, he may lose the ability to ever raise it in federal court. *See Slack v. McDaniel*, 529 U.S. 473, 488 (2000) (stating that a court's ruling on the merits of claims presented in a first § 2254 petition renders any later petition successive); *see also* 28 U.S.C. § 2244 (a)-(b).

### iv) Fourth Option: File a Motion to Stay the Federal Proceedings

Petitioner may file a motion to stay this federal proceeding while he returns to state court to exhaust his unexhausted claim(s). *Rhines v. Webber*, 544 U.S. 269 (2005); *Jackson v. Roe*, 425 F.3d 654 (9th Cir. Sept. 23, 2005). There are two methods available to Petitioner, the "stay and abeyance" procedure and the "withdrawal and abeyance" procedure.

If Petitioner wishes to use the "stay and abeyance" procedure he should ask the Court to stay his mixed petition while he returns to state court to exhaust. Under this procedure he must demonstrate there is an arguably meritorious claim which he wishes to return to state court to exhaust, that he is diligently pursuing his state court remedies with respect to the unexhausted claim, and that good cause exists for his failure to timely exhaust his state court remedies. *Rhines*, 544 U.S. at 277–78.

If Petitioner wishes to use the "withdrawal and abeyance" procedure, he must voluntarily withdraw his unexhausted claim, ask the Court to stay the proceedings and hold the fully-exhausted petition in abeyance while he returns to state court to exhaust, and then seek permission to amend his petition to include the newly exhausted claim(s) after exhaustion is complete. *King v. Ryan*, 564 F.3d. 1133, 1135 (9th Cir. 2009). Although under this procedure Petitioner is not required to demonstrate good cause for his failure to timely exhaust, the newly exhausted claim must be either timely under the statute of limitations or "relate back" to the claims in the fully-exhausted petition, that is, they must share a "common core of operative facts" with the previously exhausted claims. *Id*. at 1141, quoting *Mayle v. Felix*, 545 U.S. 644, 659 (2005).

If Petitioner chooses this fourth option, he must file a pleading with this Court no later than **July 18, 2022.**  Respondent may file a reply by **August 18, 2022.**

### IV.   Conclusion

For the foregoing reasons, the Court **GRANTS** Petitioner's motion to proceed in forma pauperis and notifies Petitioner that he has filed a Petition that contains both exhausted and unexhausted claims and it is therefore subject to dismissal. In order to

1 proceed with this case, Petitioner must respond to this Order by choosing one of the four
2 options outlined above **no later than July 18, 2022**. If Petitioner fails to respond to this
3 Order, the Court will dismiss the Petition without prejudice. *See Rose*, 455 U.S. at 522.

4     **IT IS SO ORDERED.**

5 Dated: May 17, 2022

*[signature]*
Hon. Gonzalo P. Curiel
United States District Judge